IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LATOYA JOHNSON, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHYSICIANS TO WOMEN, INC. and MID-ATLANTIC WOMEN'S CARE, PLC,<br><br>Defendants. | Case No. 7:24-cv-00144-MFU-CKM<br><br>CLASS ACTION |

**JOINT DECLARATION OF PLAINTIFFS' COUNSEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL AND TO DIRECT NOTICE OF PROPOSED SETTLEMENT TO THE CLASS**

1. We are counsel for Plaintiffs Latoya Johnson, Janet Hall, and Virginia Trupia-Lash and seek appointment as Class Counsel for the proposed Settlement Class. We submit this Affidavit in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Except as otherwise noted, we have personal knowledge of the facts set forth in this Declaration and could testify competently to them if called upon to do so.

2. A true and correct copy of the Settlement Agreement, with all attachments, is attached hereto as **Exhibit 1.**

   **Exhibit 1:**   Settlement Agreement

         **Exhibit 1-A:** Long Form Notice

         **Exhibit 1-B:** Postcard Notice

         **Exhibit 1-C:** Publication Notice

         **Exhibit 1-D:** Claim Form

         **Exhibit 1-E:** Proposed Preliminary Approval Order

**Counsel's Qualifications**

3.     The attorneys seeking to be named Class Counsel in this matter—Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Andrew J. Shamis of Shamis & Gentile P.A., and Raina Borrelli of Strauss Borrelli PLLC—have extensive experience in class action litigation generally and data breach class action litigation in particular.

4.     Counsel's experience is more fully described in the firm resumes for Milberg Coleman Bryson Phillips Grossman, Shamis & Gentile P.A, and Strauss Borrelli PLLC, attached hereto as **Exhibit 2**, **Exhibit 3,** and **Exhibit 4** respectively. All proposed counsel have committed and will continue to fully commit the resources necessary to represent the Class.

**Initial Investigation and Communications**

5.     In all, approximately 91,851 putative Class Members' personally identifying information ("PII") and Protected Health Information ("PHI") (together, "Personal Information") was at issue in the Security Incident.

6.     After the firms representing Plaintiffs were each respectively retained by Plaintiffs, each firm conducted an initial, but extensive, investigation of the Security Incident, Defendants, and Plaintiffs' and the Class's damages before filing their respective complaints.

**Procedural Posture and History of Negotiations**

7.     Recognizing the risks and continued costs of litigation, Plaintiffs and Defendants decided to engage in private, arm's-length negotiations to resolve all matters associated with the litigation.

8.     On October 28, 2024, the Parties participated in a full-day mediation facilitated by an experienced mediator, Rodney Max.

9.     In preparation for this mediation, Plaintiffs requested and Defendants produced preliminary discovery, which allowed the Parties to fully evaluate the claims, defenses, and pertinent litigation risks, and included detailed information regarding the number of individuals by state and

in total; whose information was at issue the types of Personal Information and any data at issue in the Security Incident; the total number of individuals provided notice of the Security Incident; and the number of individuals that took advantage of the offer made by Defendants for complimentary identity monitoring services.

10. After a full day of negotiations, the parties had not reached an agreement.

11. Shortly thereafter, following additional negotiations between the parties, the parties came to an agreement in principle, and later finalized the terms in this Settlement Agreement and the attached exhibits.

12. It is the strong opinion of the proposed Settlement Class Counsel that the Settlements presents a favorable result for the Class.

13. The proposed settlement provides for a non-reversionary cash common fund of $918,510.00 ("The Fund"), which will pay all attorneys' fees, settlement costs (notice, fees, administration), and provide for three separate forms of relief to the approximately 91,851 Class Members: (1) reimbursement for fairly traceable Out-of-Pocket Losses up to $10,000, subject to a *pro rata* (proportional) adjustment depending upon the number of valid claims; (2) *Pro Rata* Cash Payments (to be paid after payments for Credit Monitoring, Out-of-Pocket Losses, notice and claims administration, attorneys' fees and costs, and service awards); and (3) Credit Monitoring Services. In addition, and separate from the Settlement Fund, Defendants will confirm that they have taken steps to enhance their information security at their own cost, which will ensure Plaintiffs' and the Settlement Class's information is protected in the future.

14. A $918,510.00 non-reversionary settlement for roughly 91,851 Class Members is a substantial recovery for the Class. Class Counsel's opinion that this Settlement is fair and reasonable is informed by other data breach class action settlements based on the per class member recovery amount.

15. For example, the following chart identifies the per class member value based on the common fund settlement amount for certain recent cases that also involved sensitive, personal information such as Social Security Numbers:

| Case Name | Case Number | Settlement Amount | Class Size | Per Person |
|---|---|---|---|---|
| *Cochran v. Kroger Co.* | No. 5:21-cv-01887 (N.D. Cal.) | $5,000,000 | 3,825,200 | $1.31 |
| *Thomsen v. Morley Companies, Inc.* | No. 1:22-cv-10271 (E.D. Mich.) | $4,300,000 | 694,679 | $6.19 |
| *Reynolds v. Marymount Manhattan College* | No. 1:22-cv-06846 (S.D.N.Y.) | $1,300,000 | 191,752 | $6.78 |
| *Boykin v. Choice Health Insurance, LLC* | No. 4:22-cv-03940 (D.S.C.) | $500,000 | 68,177 | $7.33 |
| *Tucker v. Marietta Area Health Care* | No. 2:22-CV-00184 (S.D. Ohio) | $1,750,000 | 216,478 | $8.08 |
| *Migliaccio v. Parker Hannifin Corp.* | No. 1:22-CV-00835 (N.D. Ohio) | $1,750,000 | 115,359 | $15.17 |
| **Johnson et al. v. Physicians to Women, Inc. and Mid-Atlantic Women's Care, PLC** | **No. 7:24-cv-00144** | **$918,510** | **91,851** | **$10.00** |
| *Lutz v. Electromed, Inc.* | No. 21-cv-2198 (D. Minn.) | $825,000 | 47,000 | $17.55 |
| *Abrams v. Savannah College of Art & Design* | No. 1:22-cv-04297 (N.D. Ga.) | $375,000 | 16,890 | $22.20 |
| *Phelps v. Toyotetsu North America* | No. 6:22-cv-00106 (E.D. Ky.) | $400,000 | 11,916 | $33.57 |

**The Class Representatives Actively Participated in This Litigation**

16. The Settlement Agreement calls for a reasonable Service Award to the Class Representatives in the amount of $5,000 per Class Representative. Ex. 1 to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Settlement Agreement") § 10.1.

17. The Service Award is meant to compensate the Class Representatives for their efforts on behalf of the Settlement Class, including, at all times, regularly maintaining contact with counsel, assisting in the investigation of the case, reviewing their respective Complaint(s), producing

4

information and documentation to Class Counsel, remaining available for consultation throughout the mediation and settlement negotiations, reviewing the Settlement Agreement, and answering counsel's many questions.

18. After agreeing to the terms of the Settlement on behalf of the Class, Counsel for Plaintiffs negotiated their fees and costs separate from the benefit to Class Members, in an amount to exceed 33.33 percent of the Settlement Fund (i.e. $306,139.38) and reimbursement of litigation expenses in an amount not to exceed $20,000.00, subject to Court approval.

**The Settlement is Fair, Reasonable, Adequate, and a Substantial Recovery for the Class**

19. Plaintiffs' Counsel engaged in substantial research regarding the facts of the Security Incident and have considerable experience in similar class action litigation.

20. Counsel's years of experience representing individuals in complex class actions—including data breach actions—contributed to an awareness of Plaintiffs' settlement leverage, as well as the needs of Plaintiffs and the proposed Class. Counsel believes that our clients would ultimately prevail in the litigation on a class-wide basis. However, we are also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals.

21. Class Counsel believe the Settlement is fair, reasonable, adequate, and provides substantial benefits for Plaintiffs and Class Members. Furthermore, there are no undisclosed agreements made in connection with this Settlement. Class Counsel are also not aware of any individual cases related to this Security Incident being pursued against Defendants.

22. Moreover, all named Class Representatives support the proposed Settlement Agreement.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

We declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

5

Dated: February 13, 2025

/s/Lee A. Floyd
Lee A. Floyd (VSB #88459)
Sarah G. Sauble (VSB #94757)
BREIT BINIAZAN, PC
2100 E. Cary Street, Suite 310
Richmond, VA 23223
(804) 351-9040
(757) 670-3939
lee@bbtrial.com
sarah@bbtrial.com

/s/Andrew J. Shamis
Andrew J. Shamis, Esq. (*pro hac vice*)
SHAMIS & GENTILE P.A.
ashamis@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Tel: (305) 479-2299

/s/David Lietz
David Lietz (*pro hac vice*)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-252-0878
dlietz@milberg.com

/s/Raina Borrelli
Raina Borrelli (*pro hac vice*)
STRAUSS BORRELLI PLLC
980 N Michigan Ave, Suite 1610
Chicago, IL 60611
Tel: (872) 263-1100
raina@straussborrelli.com

*Counsel for Plaintiffs and the Putative Class*