CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
May 12, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| *Johnson et al. v. Physicians to Women, Inc. and Mid-Atlantic Women's Care, PLC,* | Case No. 7:24-cv-00144-MFU-CKM |

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement **(Doc. No. _)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiff and Physicians to Women, Inc. ("PTW") and Mid-Atlantic Women's Care, PLC's ("MAWC") ("Defendants," and, together with Plaintiffs, the "Parties"), with accompanying exhibits attached to Plaintiffs' Memorandum of Law in Support of the Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only.** The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals residing in the United States whom Defendants identified as having data at issue in the Security Incident.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

Excluded from the Settlement Class are (i) PTW, its officers and directors; (ii) MAWC, its officers and directors; (iii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge. Pursuant to Fed. R. Civ. P. 23, the Court finds giving notice to the Settlement Class is justified. The Court finds it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all requirements of Rule 23.

Specifically, the Court provisionally finds for settlement purposes only that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical, and the Settlement Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2. <u>Settlement Class Representatives and Settlement Class Counsel</u>. The Court finds that Plaintiffs Latoya Johnson, Janet Hall and Virginia Trupia-Lash will likely satisfy the requirements of Rule 23(a) and should be appointed as the Settlement Class Representatives.

Additionally, the Court finds Andrew Shamis of Shamis & Gentile, P.A., David Lietz of Milberg Coleman Bryson Phillips Grossman, LLC, and Raina C. Borrelli of Turke & Strauss LLP will likely satisfy the requirements of Rule 23(a) and should be appointed as Settlement Class Counsel.

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly the Settlement is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of evidence of collusion in the Settlement, the effectiveness of the proposed method for notifying and distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the equitable treatment of the Settlement Class Members under the Settlement, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on September 2, 2025 at 2:00 PM at 210 Franklin Road, SW, Roanoke, VA 24011, where the Court will determine, among other things, whether: (a) the Settlement Class should be finally certified for settlement purposes; (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved; (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded

themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved; (f) the Action should be dismissed with prejudice; and (g) the application of the Settlement Class Representatives for a Service Award should be approved.

6.  **Settlement Administrator**. The Court appoints Kroll, LLC as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.  **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits consistent with this Order may be made by the Settlement Administrator in consultation and agreement with the Parties, and without further order of the Court.

8.  **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and to claim benefits provided under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members; (d) meet all applicable requirements of law, including Rule 23; and (e) meet the requirements of the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice

provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit a written request to the designated address established by the Settlement Administrator in the manner provided in the Notice. The written request must clearly manifest a person's intent to be excluded from the Settlement Class, as set forth in the Settlement Agreement, and must be submitted individually, i.e, one request is required for every Settlement Class Member seeking exclusion. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Deadline, which is no later than sixty (60) days from the Notice Deadline, and as stated in the Notice.

Within seven (7) days after the Opt-Out Deadline, the Settlement Administrator shall furnish to Class Counsel and to Defendant's Counsel a complete list of all timely and valid requests for exclusion.

If a Final Approval Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Approval Order and Judgment. All Persons who submit valid and timely requests to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

10. **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit

a timely written objection by the Objection Deadline and as stated in the Notice. The Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court by the Objection Deadline. Any such objections to the Settlement Agreement must be written and must include all of the following: (i) the name of the proceedings; (ii) ) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) the identity of any attorneys representing the objector; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vi) a statement identifying all class action settlements objected to by the Class Member in the previous five (5) years; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

To be timely, written notice of an objection must be filed with the Clerk of Court by the Objection Deadline, which is no later than (60) days after the Notice Deadline.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action, and shall be precluded from seeking any review of the Settlement Agreement and/or Final Approval Order and Judgment by appeal or other means. The provisions stated in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement or the Final Approval Order and Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

11. **Claims Process**. Settlement Class Counsel and Defendants have created a

process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order and Judgment, including the releases contained therein.

12. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties and of no force or effect if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (c) the Effective Date does not occur. In such event, (i) the Parties shall be restored to their respective positions in the Action prior to execution of the Settlement Agreement and shall jointly request all scheduled Action deadlines be reasonably extended by the Court to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

13. **Use of Order**. This Preliminary Approval shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the propriety of certifying any class in the Action. Nor shall this Preliminary Approval Order be (i) construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or (ii) as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

14. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15. **Stay of Litigation.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending the Final Approval Hearing and the order issuing therefrom.

16. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
| --- | --- |
| Deadline for Defendants to provide Settlement Class List to Claims Administrator pursuant to the Settlement Agreement | 10 days after entry of this Order |
| Notice Program Commencement ("Notice Deadline") | 30 days after entry of this Order |
| Deadline for Class Counsel to file motion for attorneys' fees, costs, expenses and service awards | 14 days before Objection Deadline and Opt-Out Deadline |
| Objection Deadline | 60 days after the Notice Deadline |
| Opt-Out Deadline | 60 days after the Notice Deadline |
| Claims Deadline | 90 days after the Class Notice Deadline |
| Deadline for Plaintiffs to file motion for final approval of settlement and responses to any timely submitted Class member objections, which shall include a declaration from the Claims Administrator confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely requests for exclusion | 21 days prior to Final Approval hearing |
| Final Fairness Hearing | September 2, 2025 at 2:00 p.m. in Courtroom 1<br><br>[No earlier than 150 days after the Preliminary Approval Order] |

IT IS SO ORDERED

Mike Urbanski
Senior U.S. District Judge
2025.05.12 10:42:00
-04'00'

May 12, 2025

Dated                                    Judge