Case 7:24-cv-00144-MFU-JCH    Document 68    Filed 09/05/25    Page 1 of 11
Pageid#: 591

CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
September 05, 2025
LAURA A. AUSTIN, CLERK
BY  KRISTIN AYERSMAN
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LATOYA JOHNSON, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHYSICIANS TO WOMEN, INC. and MID-ATLANTIC WOMEN'S CARE, PLC,<br><br>Defendants. | Case No. 7:24-cv-00144-MFU-CKM<br><br>CLASS ACTION |

## FINAL APPROVAL ORDER AND JUDGMENT

On May 12, 2025, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. 58) of the settlement (the "Settlement") between Plaintiffs Latoya Johnson, Janet Hall, and Virginia Trupia-Lash ("Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and Defendants Physicians to Women, Inc. ("PTW") and Mid-Atlantic Women's Care, PLC ("MAWC") ("Defendants" and together with Plaintiffs, the "Parties"), as memorialized in the Settlement Agreement, which is Exhibit 1 (Doc. 53-1) to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;[1]

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a final approval hearing;

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement, except as may otherwise be indicated.

On September 2, 2025, the Court held a final approval hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Before the final approving hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and expenses to Settlement Class Counsel, and the payment of Service Awards to the Class Representatives.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for service awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.      The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4.      This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases in the Settlement Agreement, including all Released Claims, and the plans for implementation and distribution of the settlement benefits. The Court finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out of the Settlement Class are bound by this Final Approval Order and Judgment, approving the Settlement Agreement.

5.      The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## OBJECTIONS AND OPT-OUTS

6.      Zero objections were filed by Settlement Class Members. The Court therefore finds that this factor does not counsel against Settlement Agreement approval.

7.      All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8. No Class Members timely and validly elected to opt out of the Settlement Agreement and the Settlement Class. The Court notes that there were also no untimely requests for exclusion.

## SETTLEMENT CLASS CERTIFICATION

9. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following class (the "Settlement Class"):

> All individuals residing in the United States whom Defendants identified as having data at issue in the Security Incident.

10. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order.

11. The Court grants final approval to the appointment of Plaintiffs Latoya Johnson, Janet Hall, and Virginia Trupia-Lash as Settlement Class Representatives. The Court concludes that the Representative Plaintiffs have fairly and adequately represented the Settlement Class and will continue to do so.

12. The Court grants final approval to the appointment of Andrew Shamis of Shamis & Gentile, P.A., David Lietz of Milberg Coleman Bryson Phillips Grossman, LLC, and Raina C. Borrelli of Strauss Borrelli PLLC as Settlement Class Counsel. The Court concludes that Settlement Class Counsel has adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

13. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to

4

the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

14. The Court finds that Defendants fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as set out in Paragraph 4 of the Kroll Declaration filed in support of the Unopposed Motion for Final Approval.

## **AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS**

15. The Court has considered Class Counsel's Motion for service awards and for attorneys' fees and costs, and expenses. The Court awards Class Counsel the sum of $306,139.38 as an award of attorneys' fees and $11,284.05 as an award of costs and expenses to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees and expenses to be fair and reasonable.

16. The Court grants Settlement Class Counsel's request for service awards to the Class Representatives and Service Awards $5,000 each to Plaintiffs Latoya Johnson, Janet Hall, and Virginia Trupia-Lash. The Court finds that this payment is justified by their service to the Settlement Class. The Service Award payments shall be paid in accordance with the Settlement Agreement.

## **OTHER PROVISIONS**

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Within the time period set forth in the Settlement Agreement, the benefits provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting Valid Claim Forms, on approved Claims, pursuant to the terms and conditions of the Settlement Agreement.

19. As of the Effective Date, and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged all Released Claims against the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

21. "Released Claims" shall collectively mean all claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, and remedies of every kind or description—whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that relate to or arise from the Security Incident, the operative facts alleged in the Action, including the complaint and any amendment thereto, Defendants' information security policies and practices, or Defendants' maintenance or storage of Personal Information, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

22. "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any of the Class Representatives, does not know or suspect to exist in his or her favor at the time of the release of the Released Persons that, if known by him or her, might have affected their agreement to release Defendants and all other Release Parties, or might have affected their decision to agree to, or object or not object, or participate or not participate in the Settlement. With respect to any and all Released Claims, including Unknown Claims, the Parties stipulate and agree that upon the date the Judgment becomes Final, the Settlement Class Representatives expressly shall have, and each of the other Settlement Class Members shall be deemed to have, any by operation of the Final Approval Order and Judgement shall have, released any and all Released Claims, including Unknown Claims. Plaintiffs (on behalf of themselves and each Settlement Class Member) may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and all other Releasing Persons shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, upon the date the Judgment becomes Final, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. Upon the date the Judgment becomes Final, the Plaintiffs expressly shall have, and all other Releasing Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished for the Released Claims, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the date the Judgment becomes Final, the Plaintiffs expressly shall have, and all other Releasing Persons also shall be deemed to have, and by operation of the Judgment shall have, waived for the Released Claims any and all provisions, rights and benefits conferred by any law of any state or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Settlement Class Members, including the Settlement Class Representatives, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, including Unknown Claims, but the Settlement Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the date the Judgment becomes Final, fully, and finally and forever settled and released any and all Released Claims, including Unknown Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

23.    The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest, or expenses that arise out of or relate to the allegations or subject matter of the Litigation and/or the Consolidated Class Action Complaint (Doc. 26).

24. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendants, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforcing the releases contained herein).

25. The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendants that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

9

26. The Court hereby dismisses the Consolidated Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party, except as provided in this Final Approval Order and Judgment.

27. Consistent with Paragraph 12.6 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, then i) this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, and all of their provisions shall be rendered null and void; (ii) all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed; and (iv) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding. The Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). Further, in such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court, so as to avoid prejudice to any Party or Party's counsel.

28. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) and the parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

29. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

**ENTERED:**

DATED: September 4, 2025

By: _____
Michael F. Urbanski
U.S. District Judge
2025.09.04 09:34:31
-04'00'

Michael F. Urbanski
Senior United States District Judge